**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2697-16T4

KEILUHN VENTURE,[1]

    Plaintiff-Respondent,

v.

CLAYTON PROVIDENCE HOUSE, LP;
TWO CLAYTON PROPERTIES, LLC;
INTERNATIONAL SENIOR DEVELOPMENT,
LLC; and STUART D. MILLS,

    Defendants-Appellants,

and

BOROUGH OF CLAYTON and PLANNING
BOARD OF THE BOROUGH OF CLAYTON,

    Defendants-Respondents.

_____

Argued May 9, 2018 — Decided July 13, 2018

Before Judges Manahan and Suter.

On appeal from Superior Court of New Jersey,
Chancery Division, Gloucester County, Docket
No. C-000035-16.

---

[1] By order dated October 4, 2017, Delsea Housing Associates
(Delsea Housing) was substituted as a party for Keiluhn Venture
in this appeal. For purpose of clarity, we have utilized the
original caption. We note the appearance of Delsea Housing's
counsel in the opinion.

Vincent D'Elia argued the cause for appellants.

Harris Neal Feldman argued the cause for respondent Delsea Housing Associates Urban Renewal, LLC (Parker McCay, PA, attorneys; Harris Neal Feldman, of counsel; Stacy L. Moore, Jr., on the brief).

Lewis G. Adler argued the cause for respondent Keiluhn Venture.

M. James Maley, Jr., argued the cause for respondent Borough of Clayton (Maley Givens, PC and Timothy D. Scaffidi, attorneys; M. James Maley, Jr., and Erin E. Simone, on the briefs).

John A. Alice, attorney for respondent Planning Board of the Borough of Clayton.

PER CURIAM

Defendants Clayton Providence House, LP, Two Clayton Properties, LLC, International Senior Development, LLC, and Stuart D. Mills (collectively, the Mills defendants) appeal from a judgment and two orders of the Chancery Division. The order of December 5, 2016, granted enforcement of litigant's rights relative to an easement in favor of plaintiff Keiluhn Venture (Venture). Another order dated December 5, 2016, denied the Mills defendants' motion to amend their pleadings. The judgment dated January 18, 2017, formalized the executed easement and Maintenance Agreement for purpose of recordation.

The litigation commenced upon the filing of a verified complaint and order to show cause by Venture, which sought to compel the execution and recording of an easement agreement. The easements within the agreement were a condition of approval for an affordable housing project known as "Clayton Mews Senior Campus" (Clayton Mews) and related to the subdivision of a property situated in the Borough of Clayton (Borough).

The dispute originated with an application by the Mills defendants seeking approval for a construction project. In October 1999, the Borough of Clayton Planning Board (Board) granted "Amended Preliminary Site Plan and Final Site Plan Approval" to International Senior Development, LLC (ISD) for Phase I of a multi-phase project. The project involved the construction of age-restricted affordable housing, later to be known as Clayton Mews. The approval was memorialized in a resolution of the Board. A condition of the approval was for the applicant to obtain easements for emergency access and for utilities.

The original plan contemplated construction utilizing both lots on the property (Lots 6 and 13). In June 2000, after application by ISD, subdivision approval was granted to allow Lot 6 to be divided from Lot 13. The approval was memorialized in a resolution by the Board. A condition of the approval was, among other conditions, that within the deed memorializing the

subdivision, there be easements and restrictions "necessary to prevent or require development on the section of the land being subdivided . . . ." The resolution also required, pursuant to prior site plan approval, that the easements were to extend to the Borough.

The construction of Clayton Mews was to be accomplished in phases. In 2002, the Board granted an amended final site plan approval to Phase I and an amended preliminary site plan approval to Phases II, III and IV. The approval was memorialized in a resolution by the Board. A condition of the approval was a modification of the plan to conform to the Board engineer's report and that "the approved subdivision and associated easements" be incorporated into the site plan drawings.

When the plans were revised, they did not reflect the required easements. Nor were any easement documents prepared or recorded. Notwithstanding, the filed plans clearly referenced the need for access and utility service for both lots.

Financing for Clayton Mews was obtained by the execution of mortgages by Clayton Providence House with several financial providers. Each of the mortgages was conditioned upon construction in accordance with the approvals.

In December 2006, Two Clayton Properties deeded Lot 13 to Venture. In March 2016, Venture submitted an application to the

"Combined Planning Board and Zoning Board of Adjustment" (Combined Board) of Clayton. Venture sought to construct an affordable housing project, later known as "Camp Salute." The project included a twenty-five percent set-aside for disabled veterans. The Combined Board granted site plan approval in April 2016. The approval was memorialized in a resolution by the Combined Board. The resolution required that there be "shared access and utilities as has been recommended by the mayor and council." The resolution noted that the New Jersey Department of Transportation wanted shared access for emergency access to Clayton Mews.

Thereafter, Venture sought to secure the easements required by the resolution as well as the prior resolution relating to the approval of Clayton Mews. When the Mills defendants refused to execute the easement documents, Venture filed the underlying action.[2]

Following a hearing on the order to show cause, the court ordered that the Mills defendants were temporarily and preliminarily enjoined and restrained and compelled to execute the various applications and easement documents. The August 17, 2016 order specifically required that the Mills defendants execute the

---

[2] It is without dispute that neither the Borough nor the Board were aware that the easements were not recorded. It is also without dispute that neither the Borough nor the Board took steps to enforce the easement recordation requirement.

easement agreement prepared by plaintiffs, or alternatively, submit a proposed form of easement pursuant to the Five Day Rule for execution. It was further ordered the "[u]pon receipt of pla[intiff]'s objections/proposed language, the court will conduct a hearing to settle [the] form of easement within [five] days."

A week later, the Mills defendants submitted a proposed form of easement to the court. Venture objected to the proposed form of easement and submitted its proposed form of easement. The judge did not conduct a hearing to resolve the conflicting proposed orders.

On October 4, 2016, the Mills defendants filed a motion seeking to amend their answer to assert a counterclaim and a third-party complaint to include the several mortgage holders of its property as parties. In reply, Venture and the Borough filed cross-motions to enforce litigant's rights, seeking to compel enforcement of the August 17, 2016 order requiring execution of the easement and other documents.

Argument on the motions took place on December 5, 2016. Following argument, the court entered two orders granting the cross-motions and denying the Mills defendants' motion to amend. When the Mills defendants did not comply with the order to sign the easements, another hearing was held, after which the judge authorized court-execution of the easement agreement and the

various applications proposed by Venture. Final judgment was entered on January 18, 2017.[3] This appeal followed.[4]

The following points were raised by appellant on appeal:

POINT I

THE TRIAL COURT ERRED IN ORDERING THE SIGNING AND RECORDING OF AN EASEMENT WHERE THE TERMS AND CONDITIONS OF SAID EASEMENT HAD NOT BEEN AGREED UPON BY THE AFFECTED PROPERTY OWNERS.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO AMEND ITS RESPONSIVE PLEADINGS AND JOIN NECESSARY PARTIES.

We have considered these arguments in light of the record and our standard of review and conclude that they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.

After considering the resolutions granting subdivision and site plan approval, the judge found:

---

[3] We note parenthetically that the Mills defendants did not seek a stay of the judgment. We were advised during oral argument that the Camp Salute project was substantially completed and accepting applications.

[4] On or about June 19, 2017, the Borough instituted a condemnation action entitled Borough of Clayton v. Clayton Providence House, et al, Docket No. L-746-17, in the Superior Court of New Jersey, Law Division, Gloucester County, seeking to acquire easements. It was argued by the parties that this action did not render moot the issues in dispute on this appeal.

> I am satisfied that pursuant to the terms of the 0019 [r]esolution, that it is the defendant's obligation, it was the defendant's obligation to provide these easements as a condition of its approval. And its failure to do so for a period of time does not result in a removal of that obligation. There can be no laches against the Township — or against the Borough in such a situation such as this.
>
> . . . .
>
> In addition, given that it was initially the defendant and it would have been the defendant, whichever defendant was granted that approval, then had the requirement.
>
> So that I would give that defendant an opportunity to provide its proposed language within five days of the date of this [o]rder. And then the other parties have five days from receipt of that to either agree to it or substitute your language.

A court's decision to grant or withhold equitable relief is reviewed for an abuse of discretion, so long as the decision is consistent with applicable legal principles. Marioni v. Roxy Garments Delivery Co., 417 N.J. Super. 269, 275 (App. Div. 2010). A chancery court possesses broad equitable powers. Cooper v. Nutley Sun Printing Co., 36 N.J. 189, 199 (1961) (noting a "court has the broadest equitable power to grant the appropriate relief"). Because "equity 'will not suffer a wrong without a remedy[,]'" Crane v. Bielski, 15 N.J. 342, 349 (1954), "a court's equitable jurisdiction provides as much flexibility as is warranted by the

A-2697-16T4

circumstances[.]"  Matejek v. Watson, 449 N.J. Super. 179, 183 (App. Div. 2017).  Consequently,

> [e]quitable remedies are distinguished for their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use.  There is in fact no limit to their variety in application; the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties.
>
> [Ibid.  (quoting Sears Roebuck & Co. v. Camp, 124 N.J. Eq. 403, 411-12 (1938)).]

Further, a "court can and should mold the relief to fit the circumstances[.]"  Cooper, 36 N.J. at 199.

Our Supreme Court has stated: "In doing equity, [a] court has the power to adapt equitable remedies to the particular circumstances of each particular case."  Rutgers Cas. Ins. Co. v. LaCroix, 194 N.J. 515, 529 (2008) (alteration in original) (quoting Mitchell v. Oksienik, 380 N.J. Super. 119, 130-31 (App. Div. 2005)).  Recently, the Court stated: "A 'court [of equity] must exercise its inherent equitable jurisdiction and decide the case based upon equitable considerations.'"  Thieme v. Aucoin-Thieme, 227 N.J. 269, 287 (2016) (alteration in original) (quoting Kingsdorf ex rel. Kingsdorf v. Kingsdorf, 351 N.J. Super. 144, 157 (App. Div. 2002)).  The Thieme Court further held "[e]quities arise and stem from facts which call for relief from the strict

legal effects of given situations." Id. at 288 (alteration in original) (quoting Carr v. Carr, 120 N.J. 336, 351 (1990)). Generally, "as between two innocent groups equity will impose the loss on the group whose act first could have prevented the loss." Zucker v. Silverstein, 134 N.J. Super. 39, 52 (App. Div. 1975) (citing Cambridge Acceptance Corp. v. Am. Nat. Motor Inns, Inc., 96 N.J. Super. 183, 206 (Ch. Div. 1967)).

Here, the failure by the Mills defendants to record the easements in accord with the site plan approvals supported the judge's equitable decision to enforce the terms and conditions of the easement proffered by Venture. In other words, any "loss" suffered by the Mills defendants by the decision was one they could have prevented by compliance with the easement recordation required pursuant to the site plan approval.

Finally, we reject the argument that the judge erred in not granting the motion to amend the pleadings. First, the motion was made after the judge made her decision. Second, the averments that the easement agreement would trigger a default under the mortgages was speculative at best. Even if not speculative, any potential adverse consequence caused by the easement agreement was known to the Mills defendants prior to the decision. Thus, the denial is a matter left to the judge's sound discretion. Kernan

v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998).

We discern no abuse here in the exercise of that discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION